UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, : | |
| Plaintiffs, : | |
| v. : | Case No.: 1:21-mj-00385-ZMF |
| Kevin Louis Galetto, : | |
| Defendant. : | |

**Declaration of Richard Portale
In Support of Motion for Admission *Pro Hac Vice***

I, Richard Portale, hereby declare:

1. My name, office address, and telephone number are as follows:

Richard Portale
Portale Randazzo LLP
245 Main St., Suite 340
White Plains, NY 10601
Phone: (914) 359-2400

2. I have been admitted to the following courts and bars:

State of New York (February 24, 1999) (Bar No. 2955680)
United States District Court for the Southern District of New York (Apr. 4, 2006)
United States District Court for the Eastern District of New York (Apr. 4, 2006)
United States Court of Appeals for the District of Columbia Circuit (Mar. 15, 2012)
Supreme Court of the United States (June 8, 2015)
United States Court of Appeals for the Second Circuit (June 19, 2019)

3. I have been disciplined on the following occasions and under the following circumstances:

Complaint of Meg Rhatigan (2013): Private Letter of Admonition. I defended Eddie Toussaint against charges of Rape in the First Degree. Mr. Touissant pled guilty to a non-registerable, non-sex offense with no jail time, in exchange for his cooperation against his co-Defendant, Lynch. Although I did not believe that there was any evidence that I had breached any client confidences, or colluded in any manner, the Appellate Division for the Third Department reversed Mr. Touissant's co-defendant's plea and determined that Lynch's attorney and I had an "of counsel" relationship and therefore should have advised the clients of that relationship and obtained a written waiver of any

potential conflict before moving forward. The Committee based the admonition in large part upon the Court's Decision, finding that I violated the New York Rules of Professional Conduct ("RPC") at 22 NYCRR Part 1200 c t Rule 1.10(a).

Complaint of Gregory Hicks (2012): Private Letter of Admonition. Hicks, a retained client had advised me that he could no longer afford my services in appealing his Rape conviction. I promised him that I would assist him in proceeding *in forma pauperis*, but I had failed to timely submit the application seeking leave to proceed *in forma pauperis* and for the assignment of counsel. The application was then denied without prejudice and no harm was done to the client, as he was free to proceed via *Writ of Error Coram Nobis*. The Committee found that I violated RPCs 1.3 (a), (b) and (c); 1.7 (a)(2); and 8.4(d) and (h), respectively.

Complaint of Angela and Gaspare Fiorenza (2017): Private Letter of Admonition. The committee found that I had not responded to letters nor answer a complaint in a timely fashion in violation of RPCs 8.4(d) and (h), respectively.

Sua Sponte Complaint (2017): Private Letter of Admonition. I had failed to timely notify the NYS Office of Court Administration that I had moved my law office for a period of six (6) months in violation of RPCs 8.4(d) and (h), respectively.

Complaint of Michele Cantatore (2017): Private Letter of Admonition. The Committee determined that I had not adequately advised the client that the attorney-client relationship had ended and thereafter not responded to the complaints made to the Grievance Committee in a timely fashion, in violation of RPCs 1.3 (a); and 8.4(d) and (h), respectively.

Complaint of Alexander Atsopardis (2017): Private Letter of Admonition. Mr. Atsopardis retained me to defend him on a Burglary charge in Queens County, New York, where the offer had been a plea to the charge with six (6) years in State's Prison. He faced life in prison as a persistent violent felony offender if convicted after trial. I resolved the matter with a plea to misdemeanors with time served. He failed to honor his retainer; he owed me several thousands of dollars. When he called me to question the jail's calculation of the time he had served, I advised him that I believed that the calculation in question was correct, that I was no longer his attorney and that if he wished for me to investigate, he would have to honor the retainer. The Committee determined that I had not responded to the complaint in a timely fashion, in violation of RPCs 1.3 (a); and 8.4(d) and (h), respectively.

I sincerely apologize for my conduct. I am quite embarrassed by these past transgressions. I am hopeful that his Court will recognize and accept that I no longer engage in such conduct and allow me to be admitted *pro hac vice* to serve and protect my client's interests in this matter.

4. I have not been admitted *pro hac vice* in this Court within the last two years.

5. I do not maintain an office located in the District of Columbia.

I declare under penalty of perjury that the foregoing information is true and correct.

Executed in White Plains, New York, this 8th day of June, 2021.

Dated:   White Plains, NY
         June 8, 2021

                              Respectfully submitted,

                              /s/ Richard A. Portale
                              Richard A. Portale
                              Portale Randazzo LLP
                              245 Main St., Suite 340
                              White Plains, NY 10601
                              Phone: (914) 359-2400
                              Fax: (914) 801-5447
                              rportale@portalerandazzo.com